# JANUARY TERM, 1842.

### No. I.

### JONES v. A. P. NOWLAND.

*Appeal from Fort Bend County.*

HUTCHINSON, JUSTICE.—Nowland, by the name of A. P. Nowland, for the use of James Perry, administrator of the estate of A. McCoy, sued Jones on his note to him for $404.90, bearing interest at 12½ per cent until paid. It is copied in the petition, has no date, and there is no allegation as to its date or place of origin. As is usual in transcripts coming here, the papers in the case are copied without any introductory matter by the clerk showing when they became of record by being filed in the court. We are even left to suppose that the suit was instituted on or about the 15th April, 1839, from the date of the citation. At April term, 1839, the defendant pleaded that he did not promise to pay the note as alleged. At the fall term, 1839, the de-

---

McQuinnay v. Hitchcock, 8 T., 33; Converse v. McKee, 14 T., 20; Linn v. Wright, 18 T., 317; Mills v. Walton, 19 T., 271; Gibson v. Hill, 21 T., 225; Van Hook v. Walton, 28 T., 59; Hamburg v. Wood, 66 T., 168; Edwards v. Dickson, 66 T., 613; Peters Saddlery Co. v. Schoelkopf, 71 T., 418; Traders Nat. Bank v. Day, 87 T., 101. Fraud may be proven by circumstances or by presumptive

fendant "moved to set aside the suit on the ground that the defendant had been garnished to answer to what money he owed to A. P. Nowland." Probably at that term he also pleaded the nonprofert by the plaintiff of his letters of administration. At the spring term, 1840, he filed a general demurrer to the petition; at that term the court overruled the demurrer and gave judgment for the plaintiff for his principal and 5 per cent interest from July 1, 1838, until paid, with costs. The judge in a separate paper certifies his reasons for overruling the demurrer and giving only 5 per cent interest; but the testimony, if any was given, is not certified, and no disposition seems to have been made of the pleas and motion to set aside the suit. Such is the transcript in review.

Yet these proceedings occurred before the Legislature had attempted to give us a jurisprudence better understood by the courts, the bar and the people than that in use, and at a period when the country itself was in the process of formation; so that manifold allowances are to be indulged.

We take it for granted, too, that the presiding judge, in giving judgment only to the demurrer, could not have been apprised of the other pleas in the case. We also presume there was evidence to fix the time and place of the origin of the note and to regulate the rate of interest; but we must pass on the record as it is exemplified for our inspection.

According to the civil law, each party had the privilege of two distinct allegations in order to the presentation of the questions of law and of fact arising; the petition and the answer and the allegations corresponding to the replication and rejoinder for the introduction of new matter of excuse, of avoidance, and the like.

In practice it was necessary to present matters a limine litis and have them determined prior to the introduction of the merits upon the facts. In this case this rule was reversed by the counsel. The first plea was to the merits; the second plea at a subsequent term sought to raise a point of law; and the third, at a later term, questioned the legal sufficiency of the whole petition. Profert of the letters administrative to the beneficiary in the suit was not even proper. The defendant had no right to raise any question as to Perry's authority as administrator. He was not the plaintiff. Nowland, the payee, in whom was vested the legal interest, was properly suing, and it was immaterial to the defendant for whose use he sued. The court correctly overruled the general demurrer to the petition; but the error was in this, that after determining that matter, a jury ought to have been called to try the issue of fact. Indeed the second and third pleas ought to have been disregarded,

evidence. Briscoe v. Bronaugh, 1 T., 326; Graham v. Roder, 5 T., 141; Thompson v. Shannon, 9 T., 536; Walcott v. Brander, 10 T., 419; Burch v. Smith, 15 T., 219; Van Hook v. Walton, 28 T., 59; Rider v. Hunt, 6 T. C. A., 238. Purchaser is not affected by fraudulent intent of his grantor, if he had no notice of it. Pierson v. Tom, 1 T., 577; De Leon v. White, 9 T., 598; Fowler v. Stoneum, 11 T., 478; Sydnor v. Roberts, 13 T., 598; Snow v. Hawpe, 22 T., 168; Shearon v. Henderson, 38 T., 245; Collins v. Cooke, 40 T., 238; Flanagan v. Oberthier, 50 T., 379; Cavanaugh v. Peterson, 47 T., 197; Wagon Works v.

stricken from the record, as coming too late. The motion to set aside the suit because of the garnishment should have been rejected. Its matter was the proper subject for a plea, or answer in chief.

This cause coming on to be heard on the transcript of the record in the District Court of Fort Bend, and it being inspected and the arguments of counsel heard, because it seems to the court here that there is error in the judgment below, it is considered by the court here that the said judgment be reversed; that the cause be remanded; that the parties be allowed to amend their pleadings with a view only to have the merits of the case decided; that the appellant recover of the appellee his costs in this court, and this decision be certified below for observance.

*Reversed and remanded.*